# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

CHANTHOAN FERRIS

           Plaintiff,

Case No:       __-CV-____

v.

GARBER HONDA, INC.
and BRIAN BENDER,

           Defendants.

VERIFIED COMPLAINT
PLAINTIFF DEMANDS TRIAL BY JURY

The Plaintiff, CHANTHOAN FERRIS, by her attorney, Law Office of Steven A. Lucia, PLLC, complaining of the defendants, GARBER HONDA, INC. and BRIAN BENDER, alleges as and for her Verified Complaint:

## JURISDICTIONAL ALLEGATIONS

1. At all times hereinafter mentioned, the plaintiff, Chanthoan Ferris, was a resident of Rochester, in the County of Monroe, State of New York.

2. At all times hereinafter mentioned, defendant, Garber Honda, Inc. ("Garber"), was a corporation duly organized and existing under the laws of the State of New York.

3. At all times hereinafter mentioned, defendant, Garber Honda, Inc., was a corporation duly organized and existing under the laws of another state, but was authorized to transact business in the State of New York.

4. At all times hereinafter relevant, the defendant Garber Honda, Inc. was actually doing business in the State of New York, and maintained its principal office at 3925 West Henrietta Road, Rochester, NY.

5. At all times hereinafter relevant, the defendant Brian Bender resided at Rochester, New York and was plaintiff's supervisor.

6. The plaintiff was employed by Garber from April 25, 2016 until she was discharged in September 2016.

7. Heretofore, the plaintiff caused two complaints to be dual filed in the New York State Division of Human Rights ("NYSDHR") and the U.S. Equal Employment Opportunity Commission ("EEOC").

8. On June 24, 2016, the plaintiff filed a verified complaint with the NYSDHR under Case No. 10182295 and under EEOC Charge No. 16GB603249 charging defendants with unlawful discriminatory practices relating to employment in violation of N.Y. Executive Law, art 15 ("Human Rights Law") in which she alleged she had been sexually harassed by Brian Bender, discriminated against and given disparate treatment by Garber because of her gender.

9. On September 15, 2016, the plaintiff filed a verified complaint with the NYSDHR under Case No. 10183746 and Under EEOC Charge No. 16G-2016-04263 charging defendants with unlawful discriminatory practices relating to employment in violation of N.Y. Executive Law, art 15 ("Human Rights Law") in which she alleged she had been sexually harassed by Brian Bender, discriminated against, given disparate treatment and retaliated against by Garber because of her gender and because she previously filed her June 24, 2016 verified complaint.

10. On or about December 19, 2016, the NYSDHR determined there was probable cause to believe the plaintiff's allegations of sexual harassment and gender discrimination and remanded the proceeding to the adjudication bureau of the NYSDHR.

(Copies of the Determination After Investigation dated December 19, 2016 and the Final Investigation Report And Basis Of Determination dated December 16, 2016 are attached hereto as Exhibit A).

11.    The Final Investigation Report And Basis of Determination also referenced plaintiff's complaint in NYSDHR Case No. 10183746.

12.    Thereafter, at the plaintiff's request, the proceeding in NYSDHR under Case No. 10182295 was dismissed for Administrative Convenience, pursuant to 9 NYCRR 465.5 [e]. (A copy of the Notice and Final Order dated March 13, 2017 adopting the Order issued by Administrative Law Judge Monique Blackwell dated February 27, 2017 is attached hereto as Exhibit B).

13.    The proceeding in NYSDHR under Case No. 10183746 was similarly dismissed for Administrative Convenience, pursuant to 9 NYCRR 465.5 [e]. (A copy of the Notice and Final Order dated May 8, 2017 adopting the Order issued by Administrative Law Judge Thomas S. Protano dated April 13, 2017 is attached hereto as Exhibit C).

14.    On or about April 18, 2017, the EEOC sent the plaintiff a "Dismissal And Notice of Rights" in EEOC Charge No. 16G-2016-03249 indicating that the EEOC was closing its file because "Charging Party wished to pursue matter in Federal District Court." (A copy of said "Right to Sue" notice is attached hereto as Exhibit D).

15.    On or about June 13, 2017, the EEOC sent the plaintiff a "Dismissal And Notice of Rights" in EEOC Charge No. 16G-2016-04263 indicating that the EEOC was closing its file because "Charging Party wished to pursue matter in Federal District Court.". (A copy of said "Right to Sue" notice is attached hereto as Exhibit E).

16. All agency proceedings have now been concluded.

17. Jurisdiction over this action is conferred on the Court by the provisions of 28 U.S.C. 1331, inasmuch as this action alleges sexual harassment and hostile environment gender discrimination, retaliation and disparate treatment discrimination, and arises under the laws of the United States, particularly Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 [e] et seq.

18. The defendant Brian Bender is sued herein as an aider and abettor under Title VII and Executive Law Section 296, in that he aided, abetted, incited, compelled and coerced all of the acts complained of, and directly participated in all of the conduct giving rise to this action, and is thereby personally liable for discriminatory and retaliatory behavior.

MATERIAL FACTS APPLICABLE TO ALL CAUSES OF ACTION

19. At all times hereinafter mentioned, the plaintiff was a female, and a member of the class of persons protected against gender discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 (e) et seq., and Section 296 of the Executive Law.

20. On April 25, 2016, Plaintiff was hired as a salesperson at Garber's Honda motor vehicle dealership.

21. Almost immediately, plaintiff was subjected to sexual harassment and unwanted sexual advances by Garber's male employees including defendant Brian Bender.

22.    Within two days of commencing employment with Garber, plaintiff's supervisor, defendant Brian Bender, requested that plaintiff meet him at a Holiday Inn parking lot near the Rochester Airport.

23.    Plaintiff was not entirely sure of the reason Bender wanted her to meet him at the Holiday Inn but believed the meeting was job related. Bender insisted the meeting was work related.

24.    Suspicious of Bender's motives, plaintiff had a family friend accompany her in a separate vehicle to the Holiday Inn. Plaintiff's friend waited out of view in his own vehicle and was in a position to observe Plaintiff's and Benders movements.

25.    When Plaintiff arrived at the Holiday Inn, Bender rolled down the window to his vehicle and requested that plaintiff get in.

26.    Plaintiff advised Bender she did not want to enter Bender's vehicle but Bender demanded she do so.

27.    Plaintiff finally did enter Bender's vehicle.

28.    After several minutes of conversation, Bender attempted to kiss and grab plaintiff.

29.    Plaintiff immediately exited Bender's vehicle.

30.    The entire interaction was witnessed by the individual that accompanied plaintiff to the Holiday Inn.

31.    Despite plaintiff's objections, Bender continued to subject plaintiff to unwanted attention and sexual advances.

32.    Plaintiff objected to Bender's unwanted attention and he continued to harass her.

33. Defendant Bender repeatedly asked plaintiff to meet him outside of work.

34. Bender sent plaintiff a shirtless photograph of himself.

35. Plaintiff told Bender she was married and did not appreciate his advances. Nonetheless, Bender continued to pursue plaintiff.

36. In and around May 2016, plaintiff was subjected to sexual harassment by several other of her male peers employed by Garber and plaintiff objected to their actions.

37. Plaintiff's male colleague Isaac Elliot repeatedly called her "Cheeta Cheeta," and often swore at her using the "F" word.

38. When plaintiff requested that Elliott refrain from using such language, Elliot responded that he did not f—ing care"

39. Plaintiff's male colleague Chris Jordan continually asked plaintiff to have dinner and drinks with him after she told him "no" and that she was married.

40. Chris Jordan would often touch plaintiff's hair despite her protestations.

41. Plaintiff's male colleague Ray Henton asked her to go out with him more than once after she told him "no," made inappropriate remarks that plaintiff "is the fun side of his day, poked her, stroked her hair, ridiculed her for refusing to ride in his car, referred to plaintiff as a "Terrorist" in front of others and requested that plaintiff accompany him to a well known strip club, the Klassy Kat..

42. Plaintiff's male colleague Tim Dier often called her a bitch.

43. Plaintiff's male colleague Andy Paris made comments about Plaintiff riding in the back seat of Ray Henton's car.

44. Andy Paris also accused plaintiff of flirting with Garber's Service Manager.

45. On or about June 8, 2016, plaintiff complained to Garber's General Manager about the persistent and ongoing sexual harassment to which plaintiff was subjected by Garber's male employees.

46. Despite Plaintiff's complaints, the sexual harassment continued unabated.

47. In addition to the foregoing, plaintiff was forced to split her sales commission with male salesmen who were not required to do the same.

48. Plaintiff was subjected to continuing harassment in an effort to get her to quit her job.

49. When Plaintiff's first complaint was brought to the NYSDHR, plaintiff was still employed by Garber.

50. Plaintiff's objections to the conduct she was subjected to had little or no effect on her male colleagues, who continued to sexually harass her as previously described.

51. In and around September 2016, Garber terminated plaintiff in retaliation for her having filed a complaint with the NYSDHR.

52. In addition to the foregoing, plaintiff was subjected to disparate treatment.

53. As a result of the foregoing, the plaintiff has been damaged and has sustained and continues to suffer loss of income, compensation, fringe benefits and expected raises, physical and emotional injuries, distress, anxiety, frustration, embarrassment and pain and suffering and damage to her reputation.

FIRST CAUSE OF ACTION FOR SEXUAL HARASSMENT UNDER TITLE VII

54.     Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 53 hereof as if fully set forth herein.

55.     The plaintiff was the subject of severe, continuous and pervasive sexual harassment perpetrated by her manager, defendant Bender, as well as other males employed by Garber, as alleged above which was humiliating to the plaintiff and which interfered with the plaintiff's work environment and her ability to carry out her duties.

56.     The aforesaid acts of sexual harassment affected the terms, conditions and privileges of the plaintiff's employment and ultimately led to the plaintiff's discharge.

57.     The defendant Garber knew of Bender's sexual harassment of the plaintiff and failed to take any remedial or corrective action.

58.     The defendant Garber was aware of Bender's sexual harassment of the Plaintiff by virtue of her complaints to Garber's General Manager and to her manager Bender.

59.     The defendant Bender and Garber's other male employees sexually harassed the plaintiff while in the course and scope of their employment with Garber, and their respective actions were at all times within the scope of their authority as Garber's employees.

60.     Bender's position as the plaintiff's superior aided his sexual harassment of the plaintiff, because plaintiff was afraid of alienating Bender and did not want to lose her job.

61.     Defendant Bender is liable for his sexually harassing conduct towards plaintiff and the defendant Garber is vicariously liable for Bender's sexual harassment of

the plaintiff under the principles of Respondeat Superior, because Bender, the perpetrator of the sexual harassment, was the plaintiff's superior, and his sexual harassment of the plaintiff took place openly in the workplace, in the presence of other employees.

62.    As a result of the foregoing, the defendant Garber is liable for the sexual harassment perpetrated by Bender on the plaintiff, in violation of her rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000 (e) et seq.

## SECOND CAUSE OF ACTION FOR SEXUAL HARASSMENT DUE TO GARBER'S FAILURE TO EXERCISE REASONABLE CARE UNDER TITLE VII

63.    Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 62 hereof as though fully set forth herein.

64.    Plaintiff was subjected to continuous and pervasive sexual harassment, motivated by her sex, which negatively altered the conditions of her employment and created an abusive working environment.

65.    Upon information and belief, the defendant, Garber, did not adopt any policy concerning the prevention, correction and reporting of sexual harassment in the workplace, at any time prior to or during the plaintiff's employment.

66.    The defendant, Garber, failed to exercise reasonable care to prevent or correct the sexual harassment Bender and other Garber employees directed at the Plaintiff, although she reported said harassment to her supervisor and Garber was aware of its employees' sexual harassment of the Plaintiff.

67.    As a direct and proximate result of the defendants' unlawful conduct, the plaintiff suffered, and will continue to suffer loss of income, monetary damages, emotional distress, physical injuries, pain and suffering, humiliation, embarrassment and damage to her reputation.

68.    The Defendant Garber is therefore liable to the Plaintiff for the sexual harassment of the Plaintiff by its employees, which discriminated against the plaintiff because of her gender, in violation of the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. (e) et seq.

### THIRD CAUSE OF ACTION FOR SEXUAL HARASSMENT UNDER EXECUTIVE LAW SECTION 296

69.    Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 68 hereof as though fully set forth herein.

70.    The plaintiff is female and a member of a protected class as defined by Section 291 of the New York Executive Law.

71.    The defendants subjected the plaintiff to offensive and humiliating acts of sexual harassment as aforementioned, which was motivated in part by plaintiff's gender, and affected the terms, conditions and privileges of the plaintiff's employment, and constituted an unlawful employment practice in violation of the provisions of Section 296 of the New York Executive Law.

### FOURTH CAUSE OF ACTION FOR HOSTILE ENVIRONMENT DISCRIMINATION UNDER TITLE VII

72.    Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 71 hereof as though fully set forth herein.

73.    The previously described conduct of defendant and its employees, subjected plaintiff to a severe and pervasive hostile and abusive work environment based upon her gender, which was humiliating to the plaintiff, and permeated the workplace, interfering with the plaintiff's work environment, and making it difficult or impossible

for the plaintiff to carry out her duties, thus affecting the terms, conditions and privileges of the plaintiff's employment.

74. The Defendant and its employees intentionally or recklessly created the aforesaid hostile work environment and subjected the plaintiff to the same from April 2016 until she was discharged in September 2016.

75. Each of the defendants' employees identified aforesaid were acting in the course and scope of their respective employment with Garber, when they knowingly subjected the plaintiff to the aforesaid hostile work environment, and when Garber discharged her, and at all times their actions were within the scope of their authority.

76. Defendant Garber was aware that its employees' conduct subjected the plaintiff to a hostile work environment, by virtue of the plaintiff's complaints of the same.

77. Defendant Garber is vicariously liable for its employees' creation of a hostile work environment, and for subjecting the plaintiff to the same, under the doctrine of Respondeat Superior, in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 (e).

FIFTH CAUSE OF ACTION FOR HOSTILE
ENVIRONMENT DISCRIMINATION UNDER TITLE VII

78. Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 77 hereof as though fully set forth herein.

79. The Plaintiff was subjected to a hostile working environment by Defendant and its employees as previously alleged, which affected the terms and conditions of her employment.

80.     Defendant Garber did not adopt any policy concerning the prevention, correction and reporting of hostile environment discrimination in the workplace, at any time prior to or during the plaintiff's employment, and never instituted a procedure for employees to report incidents of such discrimination, prior to or during the plaintiff's employment.

81.     Defendant Garber failed to exercise reasonable care to prevent or correct the hostile work environment created by its employees, to which the plaintiff was subjected, although the plaintiff attempted to report said hostile work environment, and took advantage of whatever internal procedures were available to prevent or correct the harm imposed upon her, including but not limited to the filing of internal complaints with management and her supervisor.

82.     As a result of the failure to exercise reasonable care to prevent or correct the discrimination which the plaintiff was subjected to, by virtue of Defendants' employees' creation of the hostile work environment, defendant Garber is liable to the plaintiff for violating the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 200 (e) et seq.

### SIXTH CAUSE OF ACTION FOR HOSTILE ENVIRONMENT DISCRIMINATION UNDER SECTION 296 OF THE NY EXECUTIVE LAW

83.     Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 82 hereof as though fully set forth herein.

84.     The plaintiff was subjected to a hostile working environment, based upon her gender, in a series of separate acts over the course of her employment, as previously alleged, that affected the terms, conditions and privileges of her employment, and constituted an unlawful practice, in violation of Section 296 of the NY Executive Law.

## SEVENTH CAUSE OF ACTION FOR RETALIATORY DISCHARGE

85.    Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 84 hereof as though fully set forth herein.

86.    Garber discharged the plaintiff after she refused and rejected the advances of Garber's employees and after Garber learned that plaintiff intended to file a claim for sexual harassment.

87.    The plaintiff's rejection of the harassment to which she was subjected, and her intent to file a complaint with the Division of Human Rights were protected activities, under the First Amendment to the US Constitution, and under Title VII of the Civil Rights Act of 1964 and Section 296 (6) of the Executive Law.

88.    Garber's motivation for discharging the plaintiff was based in part upon its knowledge the plaintiff was planning to file a complaint with the Division of Human Rights, depicting Garber's employees' sexual harassment and hostile behavior, and the plaintiff's discharge was therefore retaliatory in nature, in violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 USC 2000 (e) and Section 296 (1) (e) of the Executive Law.

## EIGHTH CAUSE OF ACTION AGAINST BENDER
## FOR AIDING AND ABETTING UNDER SECTION 296 EXECUTIVE LAW

89.    Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 88 hereof as though fully set forth herein.

90.    The individual defendant, Brian Bender, knowingly or recklessly aided and abetted the unlawful employment practices, discrimination and/or retaliation alleged herein, against the plaintiff, in violation of the plaintiff's rights under Executive Law Section 296.

91.    The discriminatory acts pleaded above were carried out, incited, compelled, coerced and aided and abetted by and through the participation of the individual defendant, Brian Bender, with the full knowledge and consent of defendant, Garber, in violation of Section 296 of the Executive Law.

92.    The individual defendant, Brian Bender, is liable to the plaintiff for his knowing participation in said actions as an aider and abettor of such discrimination.

## NINTH CAUSE OF ACTION FOR
## EXTREME AND OUTRAGEOUS CONDUCT

93.    Plaintiff repeats, reiterates and realleges each of the allegations set forth in paragraphs 1 through 92 hereof as though fully set forth herein.

94.    Defendants Garber, Bender and Garber's employees' actions complained of herein constitute extreme and outrageous conduct directed at the plaintiff undertaken with the intent to cause plaintiff to suffer severe emotional distress or otherwise undertaken in reckless disregard of the substantial probability that such extreme and outrageous conduct would cause plaintiff to suffer severe emotional distress.

95.    As a direct and proximate result of defendant and its employees' extreme and outrageous conduct complained of herein, plaintiff has suffered extreme emotional distress.

96.    As a result of defendant and its employees' sexual harassment, discrimination and retaliatory conduct against plaintiff, plaintiff has been damaged and is entitled to compensatory and punitive damages and attorney fees and costs.

## JURY DEMAND

97.    Plaintiff demands a trial by jury as to all issues that may be subject to a jury verdict.

INJURY AND DAMAGES

98.    As a result of the acts and conduct complained of herein, the Plaintiff has suffered and will continue to suffer the loss of a career and loss of a salary, health insurance, costs, medical bills for herself and bonuses, benefits and other compensation which employment entails, out of pocket medical expenses, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life and other non-pecuniary injuries.

WHEREFORE, the Plaintiff Chanthoan Ferris demands judgment against the Defendants, Garber Honda, Inc. and/or Brian Bender, individually, as follows:

On the First Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Second Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Third Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Fourth Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Fifth Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Sixth Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Seventh Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Eighth Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00).

On the Ninth Cause of Action in the amount of Five Hundred Thousand Dollars ($500,000.00) together with:

(i)     An award of compensatory damages for mental, emotional and physical injuries, distress, pain and suffering and damage to reputation.

(ii)    An award or exemplary or punitive damages for the intentional violation of Plaintiff's rights;

(iii)   An award of the Plaintiff's reasonable attorney fees and litigation expenses incurred in the prosecution of this action, pursuant to 42 USC 1988;

(iv)    Together with interest thereon, and the costs and disbursements of this action.

August 31, 2017

LAW OFFICE OF STEVEN A. LUCIA, PLLC

STEVEN A. LUCIA (SL-0459)
Attorney for Plaintiff
16 West Main Street
Rochester, New York 14614
585-270-5420

VERIFICATION

CHANTHOAN FERRIS, being duly sworn, deposes and says:

I am the Plaintiff in the within action.  I have read the foregoing Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those I believe it to be true.

CHANTHOAN FERRIS

Sworn to before me this
31 day of August, 2017

Notary Public

STEVEN A. LUCIA
Notary Public, State of New York
Qualified in Monroe County
REG. NO. 02LU6321855
Commission Expires 03/23/2019